IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STANLEY SINCLAIR CHAPMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TRANS UNION LLC, EXPERIAN | § | |
| INFORMATION SOLUTIONS, EQUIFAX | § | |
| INFORMATION SERVICES LLC, CSC | § | |
| CREDIT SERVICES, FIRST PREMIER | § | |
| BANK, CAPITAL ONE BANK (USA) | § | |
| N.A.,[1] WELLS FARGO FINANCIAL | § | |
| OHIO 1, INC.,[2] MB FINANCIAL | § | CIVIL ACTION NO. H-11-553 |
| SERVICES, AMERICAN GENERAL | § | |
| FINANCE, SPECIALIZED LOAN | § | |
| SERVICES, ZALES/CBSD, NATIONAL | § | |
| CITY BANK, PROSPER MARKETPLACE | § | |
| INC., LITTON LOAN SERVICING, | § | |
| PNC BANK, CREDIT SYSTEMS | § | |
| INTERNATIONAL INC., THE | § | |
| BUREAUS, ASSET ACCEPTANCE, | § | |
| NORTHSTAR LOCATION SERVICES | § | |
| LLC, and RELS CREDIT, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This *pro se* suit alleges violations of the Fair Credit Reporting Act (FCRA) and the Federal Debt Collection Practices Act

---

[1] Defendant Capital One Bank (USA), N.A. was incorrectly named "Capital One Bank" in the complaint.  Document No. 4 at 1.

[2] Defendant Wells Fargo Financial Ohio 1, Inc. was improperly named "Wells Fargo Bank" in the complaint.  Document No. 11 at 1.

(FDCPA), against four credit reporting agencies,[3] 15 various banks and loan servicing companies alleged to be "furnishers" of information to credit reporting agencies, and RELS Credit, which is alleged to have "willfully and negligently obtained Plaintiff's credit report without Plaintiff's permission."[4]

Although the record reflects no proof of service upon any defendant, various defendants have filed motions to dismiss. Plaintiff has filed no responses in opposition, and the motions are therefore deemed unopposed pursuant to Local Rule 7.4.

I. Insufficiency of Process and Service of Process

Defendants First Premier Bank, Asset Acceptance LLC, and Trans Union LLC each move for dismissal pursuant to Federal Rule of Civile Procedure 12(b)(4) and (5) due to insufficient process and insufficient service of process.[5] Defendants Wells Fargo Financial Ohio 1, Inc. ("Wells Fargo") and Litton Loan Servicing, LP ("Litton") move for dismissal under Rule 12(b)(5) due to insufficient service of process. Each of these defendants alleges that Plaintiff mailed a copy of his complaint and a cover letter directly to their respective corporate offices; Plaintiff caused no

---

[3] Trans Union LLC, Experian Information Solutions, Equifax Information Services LLC, and CSC Credit Services.

[4] Document No. 1 at 2-6 (Orig. Cmplt.).

[5] See Document Nos. 3, 5, 9.

2

summons to issue and did not serve any party with a summons.  "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity."  <u>Aetna Bus. Credit, Inc. v. Univ'l Decor & Interior Design, Inc.</u>, 635 F.2d 434, 435 (5th Cir. 1981).  Plaintiff has not shown that he validly served any of these defendants.  *See* FED. R. CIV. P. 4(b) ("A summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served."); <u>id.</u> 4(c)(1) ("A summons must be served with a copy of the complaint."); <u>id.</u> 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint." (emphasis added)); <u>id.</u> 4(h)(1)(B) (requiring service upon a corporation, partnership, or association "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process").[6]

---

[6] Although Rules 4(e)(1) and 4(h)(1)(A) permit Plaintiff to serve any defendant pursuant to Texas law, his method of service is also deficient in that regard.  *See, e.g.*, TEX. BUS. ORG. CODE § 5.255 (identifying agents for service of process upon corporations, partnerships, limited liability companies, and other entities); TEX. R. CIV. P. 103 ("[N]o person who is a party to or interested in the outcome of a suit may serve any process in that suit . . . ."); <u>id.</u> 106 (requiring service of both "a true copy of the citation" and "a copy of the petition attached thereto"); *see also, e.g.*, TEX. R. CIV. P. 108 (authorizing service of process on out-of-state defendants "by any disinterested person" with the same "form of notice . . . as prescribed for citation to a resident defendant").

When process or the manner of its service is insufficient, "federal courts have broad discretion to dismiss the action or to retain the case but quash the service . . . ." 5B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1354, at 348 (3d ed. 2004); *see also* Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2d Cir. 1985). Moreover, the court may enlarge the time for service even absent a showing of good cause. FED. R. CIV. P. 4(m); Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). Because no defendant has made a substantial showing of prejudice, and in light of further deficiencies in Plaintiff's complaint discussed below, the Court will allow Plaintiff an additional sixty (60) days after the date of this Order within which to serve the defendants in accordance with the Federal Rules of Civil Procedure. However, Plaintiff need not serve summons on Defendant Capital One Bank (USA), N.A. ("Capital One") because it waived its objections to process and service of process by failing to move for dismissal under Rule 12(b)(4) or (5) concurrently with its request for dismissal under Rule 12(b)(6), discussed below. *See* FED. R. CIV. P. 12(h)(1)(A), 12(g)(2).

## II. Failure to State a Claim

Defendants Capital One, Asset Acceptance LLC, Wells Fargo, and Litton further move for dismissal under Federal Rule of Civil Procedure 12(b)(6) due to Plaintiff's failure to state a claim for

which relief can be granted.  They point to the paucity of factual allegations in Plaintiff's complaint, which, with respect to these defendants, alleges that each is:

> a "furnisher" of information as contemplated by FCRA 1681s-2 (a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and financial institutions about consumer transactions or experience with any consumer.[7]

The complaint also alleges: (1) that Plaintiff "received copies of my credit reports which showed erroneous and inaccurate data regarding my persons [sic] and financial and business transactions," (2) that he has contacted "the above defendants to rectify and resolve my concerns to no avail," (3) that he has "since been denied credit" due to the allegedly inaccurate reports, and (4) that he suffers damages as "a direct result and proximate cause of Defendant(s)' continued reporting of erroneous, inaccurate, and adverse information to the credit reporting agencies."[8]  Plaintiff otherwise lists some of the basic elements of his various causes of action with respect to the four credit reporting agency defendants and the unidentified defendant "RELS Credit."[9]

---

[7] Document No. 1 at 2-3 (Orig. Cmplt.).

[8] Id. at 4.

[9] See id. at 4-6.  For example, Plaintiff asserts that Trans Union "failed to conduct a reasonable investigation of Plaintiff's

Plaintiff's claims against Capital One, Asset Acceptance, LLC, Wells Fargo, and Litton fail to meet the pleading standards of Federal Rule of Civil Procedure 8. While Rule 8 "does not require 'detailed factual allegations,'" it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)). Thus, a complaint must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Id. (quoting Twombly, 127 S. Ct. at 1965). Plaintiff's complaint against each of these defendants contains only conclusory allegations of liability under the FCRA, and makes no factual allegations relating in any conceivable way to the FDCPA.

Moreover, to the extent that Plaintiff appears to allege a claim against these defendants under section 1681s-2(a), no private cause of action exists for violation of the duties found therein; rather, "enforcement of Section 1681s-2(a) shall be by government officials." Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 639 (5th Cir. 2002) (citing 15 U.S.C. §§ 1681s-2(c), 1681s-2(d)). As for 1681s-2(b), the complaint contains no allegation that any of these defendants received a notice from a "*consumer reporting agency*, like Equifax," pursuant to section 1681i(a)(2),

---

disputes and otherwise failed to comport with FCRA 1681i." Id. at 4.

which is a pre-requisite to 1681s-2(b) liability.  <u>Young</u>, 294 F.3d at 639 (emphasis in original).

Although Plaintiff's complaint fails to state a claim against these defendants, the Court will permit Plaintiff an opportunity to amend his complaint so that it complies with federal pleading requirements.  *See* <u>Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.</u>, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

For the foregoing reasons, it is

ORDERED that the Motions to Dismiss filed by each of Defendants First Premier Bank (Document No. 3), Capital One Bank (USA), N.A. (Document No. 4), Asset Acceptance LLC (Document No. 5), Trans Union LLC (Document No. 9), Wells Fargo Financial Ohio 1, Inc. (Document No. 11), and Litton Loan Servicing, LP (Document No. 13) are conditionally GRANTED, and this case shall be DISMISSED against all defendants unless Plaintiff Stanley Sinclair Chapman within sixty (60) days after the date of this Order shall have amended his complaint and served each defendant (except Capital One Bank (USA), N.A. upon whom Plaintiff may serve the amended complaint in accordance with Fed. R. Civ. P. 5) with

summons and a copy of the amended complaint in accordance with Federal Rule of Civil Procedure 4.  **Failure either to amend the complaint or serve the defendants will result in dismissal of this case.**  It is further

ORDERED that the Initial Scheduling Conference currently set for Friday, May 27 at 3:00 p.m. is RESET as follows:

*Date:      September 9, 2011*
*Time:         3:45 p.m.*

*Chambers - Room 11521*
*U.S. Courthouse & Federal Building*
*515 Rusk Avenue*
*Houston, Texas 77002*

The Clerk will enter this Order, providing a correct copy to all parties of record.[10]

SIGNED at Houston, Texas, on this 26th day of May, 2011.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[10] According to defendants who filed a Discovery Case Management Plan (Document No. 15), Plaintiff Stanley Sinclair Chapman may be imprisoned on a felony conviction at Three Rivers F.C.I. under USM Number 32656-160.  The Clerk will therefore send a copy of this Order to Plaintiff at both the address he has shown of record and to Three Rivers F.C.I.